IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS CALVIN YARBROUGH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-2911 |
| | § | |
| HOUSTON POLICE DEPARTMENT, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff is a Harris County pretrial detainee awaiting trial on felony charges for forcibly taking a weapon from a police officer and a motion to revoke parole. He filed this *pro se* section 1983 lawsuit against the Houston Police Department and several officers, and claims that the pending charges against him are false and that the officers violated his constitutional rights. He seeks monetary damages and release from custody.

Having screened this case as required by section 1915, the Court DISMISSES IN PART, STAYS AND ABATES IN PART, and ORDERS as follows.

### *Background and Claims*

Plaintiff states that, while he was walking along the I-45 North feeder road, a police officer suddenly stopped him for no reason and began assaulting him, tearing his "left knee MCL and ACL" and bicep. (Docket Entry No. 5, pp. 3–4.) Fearing for his life and in "excruciating pain," plaintiff states that he managed to "hobble away," but the officer gave chase in his patrol car and called for backup and a helicopter search.[1] *Id.*, p. 4. Presumably still in excruciating pain and barely able to hobble, plaintiff led the officers on a chase over several fences and through nearby

---

[1] Elsewhere in his pleadings, plaintiff claims that he and the officer had a "scuffle" and that he was able to "escape" when the officer fell. (Docket Entry No. 5, p. 6.)

residential properties, until the property owners cornered him and the police arrived. *Id.* He claims he "risk[ed] his life to surrender," and that he ran from police in order "to find the perfect opportunity to surrender." *Id.* Plaintiff complains that he was severely injured during the "deadly chase" and arrest, and that he was falsely accused of grabbing a stun gun from one of the officers and attempting to shoot the officer.

Plaintiff states that he was taken to the hospital for an MRI, but was not allowed treatment. He claims he was forced to walk on a broken leg with torn knee ligaments, and that officers held him upright by his cargo shorts. He further complains that the dash cams, body cams, and other videotaped evidence has not been provided to the defense because the officers are hiding it. He asserts that he was deliberately denied his right to be taken before a magistrate because the officers knew they had acted without "probable cause."

Plaintiff raises claims for false arrest and false imprisonment, denial of his right to a magistrate, use of excessive force, tampering with the evidence, and deliberate indifference to his safety and medical needs. He requests monetary compensation and his immediate release from pretrial detention.

### *Claims Sounding in Habeas*

Plaintiff's request for an immediate release from pretrial detention sounds in habeas, not civil rights, and cannot be pursued in a section 1983 lawsuit. Typically, habeas is used to challenge the fact or duration of confinement, and 42 U.S.C. § 1983 is used to challenge conditions of confinement. *See Poree v. Collins*, 866 F.3d 235, 242–43 (5th Cir. 2017). In seeking judicial release from his pretrial detention, plaintiff seeks habeas relief, and his claims for habeas relief will be dismissed without prejudice.

### *Abstention Doctrine*

Nor will this Court assume jurisdiction over the parties and claims for the purpose of involving itself in the state's ongoing criminal prosecution of plaintiff. The *Younger* abstention doctrine applies when exercising federal jurisdiction would interfere with an ongoing state criminal proceeding. *Younger v. Harris*, 403 U.S. 37 (1971). The Fifth Circuit recognizes application of the *Younger* doctrine when the following conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. Louisiana Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (internal quotations omitted). Plaintiff's challenges to the validity of his arrest, detention, and criminal proceedings meet the requirements of *Younger*, and this Court will abstain from interfering with plaintiff's pending state criminal prosecution.

### *Heck Bar*

Plaintiff seeks an award of monetary damages for false arrest and false imprisonment, denial of his right to a magistrate, use of excessive force, and tampering with the evidence.

It is well-settled under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), that when a criminal defendant brings a section 1983 case against his arresting officers, the district court must first consider whether a judgment in favor of the claimant would necessarily imply the invalidity of the underlying criminal conviction. If so, the claim is barred unless the claimant proves that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

The Supreme Court recognizes that *Heck* does not apply to *pending* criminal charges. *Wallace v. Kato*, 549 U.S. 384, 393 (2007). Where a pending civil rights lawsuit may have future implications for a pending criminal prosecution, the proper procedure for the federal district court is to stay the section 1983 lawsuit until the criminal case is ended. *Id.* "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed absent some other bar to suit." *Id.*

Plaintiff's allegations of false arrest and imprisonment, denial of his right to a magistrate, and tampering with the evidence fall squarely within the parameters of the *Heck* bar at this time, and will be stayed and abated pending resolution of plaintiff's current criminal prosecution.

Further, a careful reading of plaintiff's complaint and memorandum of law shows that his allegations of use of excessive force are also barred by *Heck* at this time. Plaintiff's current criminal charges include a charge for taking the weapon from the officer with intent to use it against the officer. Plaintiff acknowledges that the officer reported plaintiff had grabbed the officer's stun gun and tried to shoot the officer, but that the gun was not on. Plaintiff also concedes that he and the officer had a "scuffle" and that he was able to escape when the officer fell. Moreover, he admits that he fled from the officer's efforts to stop him, and that other officers and a police helicopter were called in to help locate and apprehend him. Plaintiff's alleged injuries occurred during his efforts to avoid being stopped, apprehended, and/or arrested. Plaintiff's contention that the officers acted without probable cause – from the initial contact through his eventual arrest – puts these incidents and events at issue with the lawfulness of his present pretrial confinement and criminal charges.

Because this pending civil rights lawsuit could have future implications for plaintiff's pending criminal prosecution and pretrial detention, the Court will stay these claims for use of excessive force until the criminal case is ended. *See Wallace*, 549 U.S. at 393.

### *Deliberate Indifference Claims*

Plaintiff further asserts that police officers were deliberately indifferent to his safety and medical needs by forcing him to walk on a purportedly broken leg with an injured knee, and held him by his cargo shorts to walk him through the hospital and into a police car. He also claims that the officers instructed hospital personnel not to treat him. These claims for deliberate indifference are not barred by *Heck*, and will be allowed to proceed for purposes of further screening under section 1915.

### *Conclusion*

The Court ORDERS as follows:

1. Plaintiff's claims for habeas relief are DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's claims for monetary damages for false arrest and false imprisonment, denial of his right to a magistrate, use of excessive force, and tampering with the evidence are STAYED AND ABATED pending resolution of the felony criminal charges pending against plaintiff in Harris County, Texas, as of the date of this order. Plaintiff may move to reinstate this lawsuit within thirty days after entry of a final disposition of his pending charges.

3. Plaintiff's claims for deliberate indifference to his safety and medical needs are RETAINED by the Court for further screening.

4. The Court will enter a separate order for plaintiff's payment of the filing fee. Should plaintiff be transferred to the Texas Department of Criminal Justice, the Court's order will be re-sent to prison officials.

THIS IS AN INTERLOCUTORY ORDER.

Signed at Houston, Texas on January 23, 2018.

_____
Gray H. Miller
United States District Judge